OPINION OF THE COURT
PADOVA, Senior District Judge.
Steven Jackson appeals his conviction on one count of possessing controlled substances with intent to deliver in violation of 21 U.S.C. § 841(a) & (b)(1)(c) and 18 U.S.C. § 2, one count of possessing a firearm and ammunition in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(l)(A)(l), and one count of possessing that firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1)(A). The District Court had subject matter jurisdiction pursuant to 18 U.S.C. § 3231; we have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We affirm the conviction.
Because we write only for the parties, we dispense with any lengthy discussion of the facts. Jackson argues that the district court’s refusal to conduct an evidentiary hearing on his suppression motion was improper.[1] He argues that “once the defendant has established a basis for his motion, i.e., the search or seizure was conducted without a warrant, the burden shifts to the government to show that the search or seizure was reasonable.” United States v. Johnson, 63 F.3d 242, 245 (3d Cir.1995). Jackson contends that once he demonstrat *210 ed in his suppression motion that the evidence was seized without a warrant, the District Court was required to hold an evidentiary hearing* because the burden shifted to the Government to prove the search and seizure was reasonable, without him having to make any further evidentia-ry production. We do not agree.
The standard for when a hearing is required is well settled in our case law. As a general matter, an evidentiary hearing is required in circumstances in which a defendant advances a “colorable claim” that his or her constitutional rights have been violated. United States v. Brink, 39 F.3d 419 (3d Cir.1994) (holding that the District Court erred in failing to hold an evidentia-ry hearing where the defendant stated “a colorable claim that the government violated his constitutional right to counsel by placing him in a cell with a known informant who may have been acting as a government agent”). A claim is “colorable” if it consists “of more than mere bald-faced allegations of misconduct.” United States v. Voigt, 89 F.3d 1050, 1067 (3d Cir.1996). Thus, to warrant an evidentiary hearing, a defendant’s motion must contain “issues of fact material to the resolution of the defendant’s constitutional claim.” Id., 89 F.3d at 1067.[2]
Jackson did not offer any version of events contrary to the version contained in the police reports he attached to his motion. He based his request for an eviden-tiary hearing only on alleged discrepancies in the reports, which he argued raised questions about the truthfulness of the account provided, and raised the suggestion that the events leading to his arrest may have unfolded differently. This was not a sufficient showing under Brink and Voigt. Accordingly, there was no abuse of discretion in the District Court’s decision to deny an evidentiary hearing.
Jackson also argues that the District Court erred when it determined that he lacked standing to challenge the lawfulness of the search. The record cannot support any such interpretation of the District Court’s ruling. The Court stated at the end of its ruling that the “defendant furthermore has indeed not proffered any evidence that he has standing to warrant a suppression hearing in this case.” A 71. Plainly, the District Court found that Jackson had failed to put forth any alternative version of the facts to warrant a hearing, not that he lacked standing to challenge the search. Because the district court actually determined the suppression issue on *211 its merits, Jackson’s standing argument must be rejected.
For the foregoing reasons, we will affirm the District Court’s judgment of conviction.

. We review the District Court's decision whether to hold an evidentiary hearing on a motion to suppress under an abuse of discretion standard. Padillas v. Stork-Gamco, Inc., 186 F.3d 412, 418 (3d Cir.1999) (stating that whether to hold evidentiary hearing on admissibility of contested evidence “rests in the sound discretion of the district court.’’).

. Other Courts of Appeals likewise require a defendant to raise significant factual disputes in order to receive a pretrial evidentiary hearing. See United States v. Howell, 231 F.3d 615, 620 (9th Cir.2000) (stating “An eviden-tiary hearing on a motion to suppress need be held only when the moving papers allege facts with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that contested issues of fact exist.”); United States v. Glass, 128 F.3d 1398, 1408-1409 (10th Cir.1997) (holding that defendant bears the burden of showing there are material facts in dispute, and an evidentiary hearing is only required when the motion to suppress raises factual allegations that are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in issue); United States v. Sophie, 900 F.2d 1064, 1070-71 (7th Cir.1990) (holding that an evidentiary hearing is necessary only if the party requesting the hearing raises a significant, disputed factual issue); United States v. Panitz, 907 F.2d 1267, 1273-74 (1st Cir.1990) (holding that "[t]he test for granting an evidentiary hearing in a criminal case should be substantive; did the defendant make a sufficient threshold showing that material facts were in doubt or dispute?”); Wojtowicz v. United States, 550 F.2d 786, 790 (2d Cir.1977) (holding that a defendant must present "sufficiently detailed and controverted factual allegations" in order to receive an evidentiary hearing).